IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA,

v.  Case Nos.:  5:10cr39/RH/EMT
               5:16cv242/RH/EMT

PASCUAL MONTOR-TORRES

___

**REPORT AND RECOMMENDATION**

This matter is before the court on Defendant's Motion under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence Pursuant to Amendment 794 of the Sentencing Guidelines and separate memorandum in support (ECF Nos. 421, 422). Amendment 794 does not provide an independent jurisdictional basis for relief. Thus Defendant's request for relief is properly considered under the Rules Governing Section 2255 Proceedings. Rule 4(b) of these rules provides in part that "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." After a review of the record, it is the opinion of the undersigned that the court is without jurisdiction to entertain Defendant's motion and that it should be summarily dismissed.

## BACKGROUND and ANALYSIS

In September of 2010, Defendant Pascual Montor-Torres was found guilty of conspiring to distribute or to possess with intent to distribute five kilograms or more of cocaine (ECF No. 197). He was sentenced to 136-months' imprisonment (ECF Nos. 251, 252). Defendant's conviction and sentence were affirmed on appeal (*see* ECF Nos. 330, 332).[1]

In July of 2012, Defendant filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence, which was later amended (ECF Nos. 350, 356). In 2014, Defendant's amended motion was denied, and a certificate of appealability was also denied (ECF Nos. 387, 388, 389).

In the instant motion, Defendant seeks sentencing relief under Amendment 794 of the Sentencing Guidelines (ECF No. 421). Before a second or successive application for § 2255 relief is filed in the district court, a defendant must move in the appropriate court of appeals for an order authorizing the district court to consider the application. 28 U.S.C. § 2244(b)(3) and § 2255(h); Felker v. Turpin, 518 U.S. 651 (1996). Defendant has not obtained authorization from the Eleventh Circuit

---

[1] On March 24, 2015, the court reduced Defendant's sentence from 136-months' imprisonment to 120-months' imprisonment pursuant to 18 U.S.C. § 3582, based on Sentencing Guidelines Amendment 782 (*see* ECF Nos. 393, 394).

Case Nos.: 5:10cr39/RH/EMT; 5:16cv242/RH/EMT

Court of Appeals to file a successive motion. Therefore, the instant motion to vacate must be dismissed because the court lacks jurisdiction to consider Defendant's successive § 2255 motion without proper authorization.

## CERTIFICATE OF APPEALABILITY

As amended effective December 1, 2009, § 2255 Rule 11(a) provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. § 2255 11(b).

After review of the record, the court finds no substantial showing of the denial of a constitutional right. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted). Therefore, it is also recommended that the court deny a certificate of appealability in its final order.

The second sentence of new Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." If there is an objection to this recommendation by either party, that

party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully **RECOMMENDED**:

1. Defendant's motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody (ECF No. 421) be **SUMMARILY DISMISSED**.

2. A certificate of appealability be **DENIED**.

At Pensacola, Florida, this 19th day of September 2016.

/s/ *Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636**.

Case Nos.: 5:10cr39/RH/EMT; 5:16cv242/RH/EMT